# �export Richmond.

## KERR V. KERR ET ALS.

### DECEMBER 1st, 1887.

1. EQUITABLE JURISDICTION AND RELIEF—*He that asks, must do equity.*—Where one invokes the aid of a court of equity to call in the outstanding legal title, relief will not be extended, except upon condition that he shall do what is equitable under the circumstances.

2. IDEM—*Infant Feme Covert—Case at bar.*—F. and G. owned undivided moieties of a tract of land, part whereof was Summerdean Mills. In contemplation of marriage with M., F. conveyed in trust five-sevenths of his moiety for her separate use. The deed was not recorded until after the recordation of a deed of previous date, whereby F. had conveyed his half of Summerdean Mills to G., with covenants to convey to G. the other half, if, in the division it fell to F. It did fall to F., and F. and wife, (who was then an infant) conveyed the second half to G., by whom it was conveyed to others. After M. had attained majority, and her marriage with F. had been annulled, she brought suit, renouncing the deed made during her non age, and seeking title to the five-sevenths conveyed to her, including Summerdean Mills, which were ascertained to be less in value than the two-sevenths not conveyed to M :

HELD:

> Under the circumstances, the conveyance to G. of Summerdean Mills should not be disturbed, though ordinarily the deed of an infant *feme covert* is voidable; but should retain the remaining five sevenths under the settlement.

Appeal from decree of circuit court of Augusta county, rendered December 2nd, 1885, in the cause of Mary L. Kerr et al., complainants, against M. F. Kerr, M. G. Kerr, W. T. Crawford, W. Lally, and D. F. Clemmer, defendants. The

Statement—Opinion.

decree not being favorable to complainant, she appealed. Opinion states the case.

*T. C. Elder*, for the appellant.

*H. W. Sheffey*, for the appellees.

HINTON, J., delivered the opinion of the court.

On the 2d day of December, 1882, Millard F. Kerr was the owner of an undivided moiety of a tract of land in the county Augusta, which contained about 1,430 acres, about 300 acres of which were held by his mother as dower—his brother Wm. K. Kerr being the owner of the other moiety. On that day the said Millard F. Kerr, in consideration of the contemplated marriage between himself and the appellant, Mary L. Kerr, then Mary L. Potter, which in fact was solemnized six days thereafter, conveyed to S. Travers Phillips, five-sevenths of his undivided moiety of said tract of land to be held by him in trust for the sole and separate use of his intended wife; but this conveyance, possibly through inadvertence, was not admitted to record until the 6th of December, 1872, at 2:35 o'clock P. M., exactly thirty-five minutes after the recordation of a deed to Meredith G. Kerr, which the said Millard F. Kerr had executed to him on the 5th day of December, 1872.

By this last-mentioned deed, Millard F. Kerr granted and conveyed to Meredith G. Kerr "his undivided one-half interest in * * the parcel of land * * in Augusta county, * * known as the Summerdean Mill property." This deed also provides that "in case the mill property should eventually fall to said M. F. Kerr in the division of his father's estate, then he is to sell to said M. G. Kerr the other half interest in said mill property, and appurtenances at the same price he pays for the aforesaid half interest;" and it is this mill property which is the subject of this controversy. Early in the

year 1873, this entire tract of 1,430 acres, except the 300 acres held as dower, was divided between these brothers, Millard F. and Wm. K., by commissioners of court appointed for the purpose; and in the division the whole of the Summerdean Mill property of 30½ acres, with two other tracts—one of 200 acres called Mountain Top, and the other of 256½ acres called "the Block Place," was assigned to Millard F. Kerr as his share.

On the 17th day of March, 1873, Millard and his wife (the said Mary L. Kerr), who was even then under age, by a deed in which it is recited that the grantor, M. F. Kerr, had by the deed of December 5th, 1872, bound himself to convey to M. G. Kerr the remaining half of the Summerdean Mill property, if it should be assigned to him, conveyed to the said M. G. Kerr the whole mill property for the price of $3,400. Subsequently to the date of this last-named deed, the Summerdean Mill property was conveyed by M. G. Kerr and wife to Wm. T. Crawford, who conveyed it to Wm. Lally, by whom it was conveyed to David F. Clemmer.

On the 27th May, 1880, the appellant, Mary L. Kerr, obtained an absolute divorce from her said husband, and in April, 1881, she filed her bill in the circuit court of Augusta county, in which she sets out the foregoing facts and renounces the deeds made during her minority. She makes defendants to the bill M. G. Kerr and the parties to whom the Summerdean Mill property was successively conveyed after the conveyance to M. G. Kerr, and prays that the two deeds to M. G. Kerr mentioned hereinbefore, and all the subsequent conveyances of the property, may be set aside, and that she may be put in possession of the property.

On the 2d of December, 1885, the circuit court rendered a decree in which, after saying that it appeared from the report of its commissioner that the value of this Summerdean Mill property did not exceed in value the value of the two-sevenths of the real estate of which her husband, Millard F. Kerr, was

tenant in common with her trustee, S. Travers Phillips, at the time of the execution of the deed of March 17th, 1873, from Millard F. Kerr and wife to M. G. Kerr, and, therefore, that there would be left to the appellant a full and fair five-sevenths of her husband's property after giving full effect to the deed to M. G. Kerr, it decreed that the deed of March 17th, 1873, should stand stable and effectual, and should be held to pass to M. G. Kerr a fee simple estate in the Summerdean Mill property as fully and effectually as though Millard F. Kerr had been the sole and absolute owner of said property at the date of said deed, and it is of this decree that the appellant, without good reason, we think, complains.

It is true that the appellant, Mary L. Kerr, was at the time of the execution of the deed of March 17, 1873, a minor, and that this circumstance ordinarily makes her deed voidable, but this fact can have no such operation in this case. Here the appellant is in a court of equity, asking that the legal title to five-sevenths of the mill property which, by her direction and consent, was conveyed to M. G. Kerr *by her trustee,* S. Travers Phillips, by a deed in which she and her husband united, be vested in herself. She is thus in the position of a person invoking the aid of a court of equity to call in the outstanding title to this five-sevenths of the mill property, and in such a case equity will not, upon one of the plainest and best settled principles of courts of equity, extend the required aid without compelling the applicant to do what is equitable under the circumstances of the particular case. Now, in the circumstances of this case we think that it is clearly just and equitable that the appellee, M. G. Kerr, should be protected in the purchase of the mill property, if this can be done without depriving the appellant of her right to five-sevenths of the undivided moiety of land which descended to her husband, Millard F. Kerr. This, the record shows, can be done, for there still remains in her possession a tract of land, known as "the Block Place," of 256½ acres, which, according to the report of the commissioner, is

equivalent in value to her undivided five-sevenths of her husband's share. The decree appealed from does this. It gives to M. G. Kerr the Summerdean Mill property, which had been specifically conveyed to him, and leaves to Mrs. Kerr the Block farm out of which to get her undivided five-sevenths of her husband's moiety of the property derived from his father. The decree, therefore, is, in our opinion, right, and must be affirmed.

DECREE AFFIRMED.